UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTONIO O'NEAL                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:20-CV-P821-GNS

JUDGE AUDRA ECKLERLE                                                                   DEFENDANT

**MEMORANDUM OPINION**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff is a pretrial detainee incarcerated at the Louisville Metro Department of Corrections. He sues state-court Judge Audra Ecklerle in both her official and individual capacities.

Plaintiff's allegations in the complaint are as follows:

[T]his complaint is about an injustice that happen to me several times by [Defendant]. I have been deprived by her de facto actions. Her criminal coercion has denied and violated my 14th amendment and my 1st amendment also my amendment the 6th one. [Defendant] is a Constitutional violator. In her court room she has allowed prosecutorial mis-conduct while she has misdirect my counsel and opportunity to defend my case properly. She don't even avoid the appearance of impropriety. It is the duty of the courts to be watchful and protective of the constitutional rights of the citizens and against any stealthy encroachments. It is an evil day for the peoples liberty if a De facto officer of the courts find lodgment in our constitutional jurisprudence. No higher duty rest upon this court to exert its full authority to prevent all violations of the principles of the constitutions. I have been assaulted by [Defendant] and I am in fear of not being able to receive Justice while denied my freedoms as a citizen of United States of America.

As relief, Plaintiff seeks damages and release from "illegal detention."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Official-Capacity Claims**

The Court first addresses Plaintiff's official-capacity claims against Defendant. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, official-capacity claims for damages against state officials and all claims against a state and its agencies or its arms of state are barred by the Eleventh Amendment to the United States Constitution. *Id.*; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Thus, Plaintiff's official-capacity claims against Defendant must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant immune from such relief. *See, e.g.*, *Byas v. Commonwealth*, No. 5:16CV-121-TBR, 2017 U.S. Dist. LEXIS 52741,

at *6-7 (W.D. Ky. Apr. 6, 2017) (dismissing official-capacity claim against a state-court judge for these reasons); *Parker v. Clymer*, No. 5:10CV-47-R, 2010 U.S. Dist. LEXIS 81605, at *7-8 (W.D. Ky. Aug. 11, 2010) (same).

### B. Individual-Capacity Claims

The Court next turns to Plaintiff's individual-capacity claims against Defendant. Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (citing *Mireles v. Waco*, 502 U.S. 9 (1991)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)). Thus, a judge is subject to liability only for non-judicial actions or for acts which were judicial in nature but were taken in the "clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. at 11-12. Whether or not an act is judicial depends on the nature and function of the act. *Ireland v. Tunis*, 113 F.3d at 1440. Two factors are examined to perform this act. *Id.* at 1441. The Court must first determine whether the act is "a function normally performed by a judge." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. at 362). The Court must also look at "whether the parties dealt with the judge in his or her judicial capacity." *Id.* Moreover, a judge acts in clear absence of all jurisdiction only if the matter acted upon is clearly outside the subject matter jurisdiction of his or her court. *Id.*; *King v. Love*, 766 F.2d 962, 965-66 (6th Cir. 1985); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984). Acting in error, maliciously, or in excess of his authority is not enough. *Stump v. Sparkman*, 435 U.S. at 356.

Although it is unclear exactly what actions Plaintiff alleges Defendant took in violation of his constitutional rights, nothing suggests that she took any action other than those normally performed by judges. There is also nothing in the complaint which indicates that Defendant dealt with Plaintiff in anything but her judicial capacity. Finally, there is no indication that Defendant lacked jurisdiction to preside over Plaintiff's criminal case.

Thus, the Court finds that Defendant is entitled to judicial immunity as to Plaintiff's individual-capacity claims against her and, therefore, will dismiss such claims for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: December 29, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendant
4416.011